Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
STAR SMITH

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| STAR SMITH, <br><br> Plaintiff, <br> v. <br><br> SUMMIT RECEIVABLES, <br><br> Defendant. | Case No.: 2:17-cv-7381 <br><br> **PLAINTIFF'S COMPLAINT** |

### **PLAINTIFF'S COMPLAINT**

Plaintiff, STAR SMITH ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, SUMMIT RECEIVABLES ("Defendant"):

### **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA).

2. Count II of the Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

1

3. Count III of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k (FDCPA).

5. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

7. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8. Plaintiff is a natural person residing in the City of Los Angeles, Los Angeles County, California.

9. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

11. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

12. Within the past year of Plaintiff filling this complaint, Defendant attempted to collect a consumer debt from Plaintiff.

13. Defendant is a collection agency located in Henderson, Nevada.

14. Defendant is a limited liability company headquartered at 1291 Galleria Dr, STE 170 Henderson, NV 89014-8635.

15. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

17. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

18. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

19. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

20. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

# FACTUAL ALLEGATIONS

21. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

22. Based on information and belief, the alleged debt at issue arises from transactions for personal, family, and household purposes.

23. Within the past year of Plaintiff filing this complaint, Defendant placed collection calls to Plaintiff on Plaintiff's cellular telephone number at xxx-xxx-2252, in an attempt to collect the alleged debt.

24. Defendant called Plaintiff from 404-948-4860, 404-800-9822, 404-341-6346, 404-666-8623 and 844-880-9293, which are five (5) of Defendant's telephone numbers.

25. Plaintiff does not owe the debt that Defendant is seeking to collect from her.

26. Even if at one point in time Plaintiff owed the debt, Plaintiff did not owe the debt at the time Defendant sought to collect the debt from Plaintiff, and no longer owes the alleged debt.

27. Since Defendant began calling Plaintiff, Defendant left deceptive voicemail messages on Plaintiff's telephone number to collect on a debt not owed.

28. At least one of Defendant's voicemail messages threatened that Defendant would automatically debit money from Plaintiff's checking account.

29. Defendant never had authorization to automatically withdraw money from Plaintiff's checking account.

30. At least one of Defendant's voicemail messages discusses a conversation

between Plaintiff and another representative of Defendant that put Plaintiff in a bad light.

31. The aforementioned conversation never took place because Plaintiff never spoke with one of Defendant's representatives.

32. Defendant's representatives were working within the scope of their employment when they left voicemail messages on Plaintiff's telephone.

33. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

34. Defendant never had permission to call Plaintiff's cellular telephone.

35. Defendant left pre-recorded voicemail messages on Plaintiff's cellular telephone.

36. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

37. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

38. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

39. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

40. The telephone dialer system Defendant used to call Plaintiff's cellular

telephone has the capacity to call telephone numbers in sequential order.

41. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

42. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

43. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

44. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

45. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

46. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a. Invading Plaintiff's privacy;

   b. Electronically intruding upon Plaintiff's seclusion;

   c. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;

   d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete

6

ownership and use of her cellular telephone; and

e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

47. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant placed collection calls to Plaintiff's telephone number when she does not owe the debt, when Defendant threatened Defendant would automatically debit money from Plaintiff's checking account and when Defendant threatened that a conversation between Plaintiff and Defendant put Plaintiff in a bad light despite Plaintiff never speaking with one of Defendant's representatives;

   b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant placed collection calls to Plaintiff's telephone number when she does not owe the debt;

   c. Defendant violated § 1692e(5) of the FDCPA by threatening to take

action not intended to be taken when Defendant threatened to automatically debit money from Plaintiff's checking account; and

  d. Defendant violated § 1692(f)(1) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, STAR SMITH, respectfully requests judgment be entered against Defendant, SUMMIT RECEIVABLES, for the following:

48. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

49. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

50. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

51. Plaintiff repeats and re-alleges paragraphs 1-46 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

52. Defendant violated the RFDCPA based on the following:

  a. Defendant violated § 1788.11(d) of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff, when Defendant placed collection calls to Plaintiff's telephone number when she does not owe the debt;

b. Defendant violated § 1788.11(e) of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment, when Defendant placed collection calls to Plaintiff's telephone number when she does not owe the debt; and

c. Defendant violated the § 1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq*.

WHEREFORE, Plaintiff, STAR SMITH, respectfully requests judgment be entered against Defendant, SUMMIT RECEIVABLES, for the following:

53. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b).

54. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c).

55. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

56. Plaintiff repeats and re-alleges paragraphs 1-46 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

57. Defendant's conduct violated the TCPA by:

a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or

artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, STAR SMITH, respectfully requests judgment be entered against Defendant, SUMMIT RECEIVABLES, for the following:

58. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

59. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

60. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

61. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: October 10, 2017        By: /s/ Michael S. Agruss
                                                      Michael S. Agruss
                                                     Attorney for Plaintiff