# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 17-7381 PA (GJSx) | Date | December 18, 2017 |
|---|---|---|---|
| Title | Star Smith v. Summit Receivables, et al. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Renee Fisher | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    In Chambers - Order

Plaintiff Star Smith ("Plaintiff") filed a Complaint with this Court on October 10, 2017. On November 3, 2017, the Court issued an Order to Show Cause why the action should not be dismissed for lack of prosecution in light of defendant Summit Receivables' ("Defendant") failure to timely respond to the Complaint. (Docket No. 10.) On November 6, 2017, Plaintiff requested entry of Defendant's default, and default was entered on November 7, 2017. (Docket Nos. 11, 12.) The same day, the Court ordered Plaintiff to file a motion for default judgment or other dispositive motion on or before December 7, 2017. (Docket No. 13.) The Court warned Plaintiff that failure to file such a motion may result in the imposition of sanctions, including but not limited to dismissal of the complaint. Plaintiff requested an extension to December 14, 2017, to file such a motion, which the Court granted on December 7, 2017. (Docket Nos. 16, 17.) The December 7 Order provided that "[f]ailure to file said dispositive motion by December 14, 2017 will result in a dismissal without prejudice without further notice by the Court." Despite these warnings, Plaintiff did not file a dispositive motion on December 14, 2017.[1]

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to comply with court orders. See Fed. R. Civ. P. 41(b); Ferdick v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court); see also Link v. Wabash Railroad Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

---

[1]    Instead, Plaintiff filed a First Amended Complaint, which was both untimely and without leave of the Court. (See Docket No. 15); see also Fed. R. Civ. P. 15.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 17-7381 PA (GJSx) | Date | December 18, 2017 |
|---|---|---|---|
| Title | Star Smith v. Summit Receivables, et al. | | |

sanctions. <u>See</u> <u>In re Eisen</u>, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); <u>Ferdik</u>, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of the above factors into account, dismissal for failure to follow the Court's orders is appropriate.  Such a dismissal, however, should not be entered unless a plaintiff has been notified that dismissal is imminent.  <u>See</u> <u>W. Coast Theater Corp. v. City of Portland</u>, 897 F.2d 1519, 1523 (9th Cir. 1990).  Here, in its December 7, 2017, Order, the Court explicitly warned Plaintiff that this action would be dismissed without prejudice if no dispositive motion was filed by December 14.  Accordingly, Plaintiff's action is dismissed without prejudice for failure to comply with the Court's orders.

IT IS SO ORDERED.